# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| BYJU'S ALPHA, INC., | Chapter 11 |
| Debtor. | Case No. 24-10140 (BLS) |
| BYJU'S ALPHA, INC., | Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiffs, | |
| v. | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE, | |
| Defendants. | |

## DEFENDANT DIVYA GOKULNATH'S MOTION FOR LEAVE TO APPEAL

**O'KELLY & O'ROURKE, LLC**

Daniel P. Hagelberg, Esq. (No. 6813)
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
(302) 778-4000
dhagelberg@okorlaw.com

**DRAPER & DRAPER LLC**

Matthew E. Draper (*pro hac vice*)
100 Park Avenue, Suite 1600
New York, New York 10017
(347) 442-7788
matthew.draper@draperllc.com

*Counsel for Defendant Divya Gokulnath*

1

Pursuant to 28 U.S.C. §158(a)(3) and in accordance with Rule 8004 of the Federal Rules of Bankruptcy Procedure, Appellant Divya Gokulnath hereby files her motion for leave to appeal the (i) *Opinion Denying The Motion To Dismiss Filed By Defendants Byju Raveendran and Divya Gokulnath* [Adv. D.I. 140]  entered on November 20, 2025, (the "Opinion," attached hereto as **Exhibit A**) and (ii) the accompanying *Order* [Adv. D.I. 141] entered November 20, 2025 (the "Order," attached hereto as **Exhibit B**).

### FACTS NECESSARY FOR THE QUESTION PRESENTED

### I.    Divya Golkunath

Co-Defendant Divya Golkunath grew up in Bangalore, India.  She graduated with a Bachelor's degree in Engineering from RV College of Engineering in Bangalore.  After co-founding Think & Learn Private Limited ("T&L") with Co-Defendant Byju Raveendran, Ms. Gokulnath played a key role in developing the company's pedagogical approach, leading content creation and curriculum design, and overseeing the company's expansion strategies.

### II.    Ms Gokulnath was Board Member of the Ultimate Indian Corporate Parent of Debtor

Divya Gokulnath served as one of six members of the board of T&L.  Other board members included Riju Ravindran and three directors appointed by investors in T&L.  The board could not take action without at least one outside director being present.  *Id.*  T&L observed corporate formalities and adhered to the voting structure required by its bylaws.

### III.   Relevant Corporate Entitles

T&L is incorporated in India on November 30, 2011, headquartered in Bengaluru, Karnataka.  This is the ultimate parent company of the Byju's business.

Byju's Pte. Ltd. is a Singapore subsidiary of T&L incorporated on January 14, 2020 ("Byju's Singapore").  It is located at 11 Collyer Quay, #17-00, The Arcade, Singapore.  Byju's

Singapore has two directors, Melanie Lee Jin Yen and Riju Ravindran. Byju's Pte. Ltd is audited as a group of companies to include its subsidiaries, including Debtor. Divya Gokulnath has never been a director, officer or employee of Byju's Singapore. On November 21, 2021, Glas Trust Company LLC secured a charge against all of Byju Singapore's monies. Glas obtained this charge pursuant to the Credit Agreement. Byju's Singapore was placed into receivership after the Loan acceleration in March 2023 and before the commencement of the voluntary bankruptcy in Delaware in February 2024.

<u>**QUESTIONS PRESENTED**</u>

The questions presented in this Appeal are as follows:

**QUESTION 1**

Whether the Bankruptcy Court erred by holding that Ms. Gokulnath, who is neither a US resident or citizen, was properly served the Complaint and Summons in the United Arab Emirates under Rule 4(f)(2) because Plaintiffs' "substantially complied" with service under UAE law when they sent the service documents by text message to a phone number that did not belong to Ms. Gokulnath or anyone she knew.

**QUESTION 2**

Whether the Bankruptcy Court erred by holding that Ms. Gokulnath, a non-resident defendant, is subject to the personal jurisdiction of the Bankruptcy Court because:

1. Ms. Gokulnath was one of six directors of the board of T&L, an Indian company that wholly-owned a Singapore company, with its own board and independent directors, which in turned owned Debtor,

2. Testimony in a separate adversary proceeding in which Ms. Gokulnath did not participate in any way, including as a party, the former direct of Debtor testified that he had been directed to engage in a 2023 transaction by T&L, and

3. The Complaint contains no particularized allegation of any act committed by Ms. Gokulnath that is relevant under a jurisdictional contacts analysis, and Plaintiffs' declarations in support of jurisdiction contain no evidence of any such act.

<strong><u>RELIEF SOUGHT</u></strong>

Ms. Gokulnath requests that this Court consider this exceptional appeal on an interlocutory basis and reverse and/or remand the Order.

<strong><u>LEAVE TO APPEAL SHOULD BE GRANTED</u></strong>

Pursuant to 28 U.S.C. $ 158(a)(3), this Court has jurisdiction to hear interlocutory appeals of orders of the bankruptcy court in this District on the same grounds that the Third Circuit reviews interlocutory orders of the District Courts. *See Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1937).  "In determining whether to grant leave to appeal an interlocutory order of the Bankruptcy Court, District Courts apply the standards of 28 U.S.C. § 1292(b), which permits appeal of an order: (l) involving a controlling question of law, (2) upon which there is substantial ground for difference of opinion, and which (3) if appealed immediately may materially advance the ultimate termination of the litigation." *Fox Sports Net West 2, LLC v. L.A. Dodgers LLC* (In re L.A. Dodgers LLC), 465 B.R. 18, 29 (D. Del. 2011).

All three factors are met here.

*First*, the Bankruptcy Court's ruling involves several controlling questions of law because it involves several reversible errors of law and a "'controlling question of law' encompasses 'any order which, if erroneous, would be reversible error on final appeal."' *Stanziale v. Sun Nat'l Bank (In re Dwek)*, Civ. No. 3:09-cv-5046, 2010 WL 234938, at *2 (D.N.J. Jan. 15, 2010) (quoting Katz v. Carte Blanche Corp., 496 F.2d 747,755 (3d Cir. 1974) (*en banc*)).

4

*Second*, there is substantial ground for difference of opinion concerning the controlling questions of law because the Order is contrary to well-established law or involves new, previously unaccepted theories of liability that require a court to resolve novel questions of law. *See PAH Litig. Tr. v. Water Street Healthcare Partners L.P. (n re Physiotherapy Holdings, Inc.)*, Misc. No. 16-201-LPS, 2017 WL 6524524, at *6 (D. Del. Dec. 21, 2017) (substantial ground for difference of opinion where "the bankruptcy court's decision is contrary to well- established law." (quotation omitted)); *Astrazeneca AB v. Aurobindo Pharma Ltd*., No. 14-664-GMS, 2014WL7533913, at *l n.1 (D. Del. Dec.17,2014) (substantial ground for difference of opinion where issue was "a controlling (and novel) question of law").

*Third*, an immediate appeal of the Order will materially advance the ultimate termination of this litigation because a decision by this Court that the Bankruptcy Court erred would result in the dismissal of all Plaintiffs' claims against Ms. Gokulnath, and likely other defendants as well.

<u>CONCLUSION</u>

Wherefore, Defendant Divya Gokulnath respectfully request that this Court exercise its discretion to consider the Appeal on an interlocutory basis.

Dated: December 4, 2025    **O'KELLY & O'ROURKE, LLC**

*/s/ Daniel P. Hagelberg*
Daniel P. Hagelberg, Esq. (No. 6813)
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
(302) 778-4000
dhagelberg@okorlaw.com

**DRAPER & DRAPER LLC**

<u>/s/ Matthew E. Draper</u>
Matthew E. Draper (*pro hac vice*)
100 Park Avenue, Suite 1600
New York, New York 10017
(347) 442-7788
matthew.draper@draperllc.com

*Counsel for Defendant Divya Gokulnath*